# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

BILLY N. CULBERTSON                                                                                    PLAINTIFF
ADC #076385

v.                                            4:11CV00013-BSM-JJV

STATE OF ARKANSAS; *et al.*                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is

granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

**I. BACKGROUND**

Plaintiff, Billy Culbertson, is an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction. He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. (Doc. No. 3.) Plaintiff was directed (Doc. No. 8) to file an Amended Complaint as to his claims against Ms. Watson, the only remaining defendant. He submitted an Amended Complaint and a Motion to Correct. (Doc. Nos. 10, 21.)

**II. SCREENING**

In accordance with 28 U.S.C. § 1915A(a), the court is required to screen the amended complaint. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief

may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact finding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

### III.   ANALYSIS

#### A.   Limitations Period

The statute of limitations for § 1983 actions is the forum state's statute of limitations

for personal injury actions,[1] which in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(e) when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.1992). Plaintiff filed the instant Complaint on January 6, 2011, substantially more than three years after the alleged incidents took place. Therefore, only events occurring on or after January 6, 2008, would be actionable. It is clear from the face of the Amended Complaint and supporting documents that the statute of limitations has run, and this case should be dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff asserts that Ms. Watson violated his constitutional rights when she failed to have him transported to his mental health evaluation on December 11, 2006, with Dr. Paul Deyoub. (Doc. No. 10 at 8.) He states Ms. Watson's actions caused him to miss two appointments with Dr. Deyoub and it was not until January 8, 2007, that he underwent the court-ordered evaluation. (*Id.*) Both of these events occurred outside the three year limitations period.

And while Plaintiff asserts that Ms. Watson violated his constitutional rights on January 8, 2008 – within the limitations period – this date is not supported by the pleadings.

---

[1]Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues. *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion). Under federal common law, a cause of action accrues when a plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

Plaintiff states, "On January 8th, 2008 the information was withheld of my suicide attempts and mental statis [*sic*] by Ms. Watson's office. . ." (Doc. No. 10 at 6.) He believes this failure to disclose information to Dr. Deyoub prejudiced his mental health evaluation because Dr. Deyoub did not have sufficient "information to make a reasonable evaluation." (*Id.* at 11.) While Plaintiff alleges Ms. Watson's actions occurred on January 8, 2008, that is actually the date he pleaded guilty before the Lonoke County Circuit Court. (*Id.* at 136-143.) Based on the Amended Complaint and the supporting information, the Court finds Ms. Watson's actions would have occurred well before January 8, 2008. In fact, they would have occurred prior to February 26, 2007 – the date Dr. Deyoub signed his written forensic evaluation. (*Id.* at 114.)

Therefore, Plaintiff's allegations against Ms. Watson are barred by the statute of limitations. In making this determination, the Court has considered equitable tolling of Plaintiff's limitations period. The Court finds no basis to toll the limitations period. The allegations should be dismissed for this reason alone.

    **B.**    **Merits of Plaintiff's Claims**

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief in an action brought under § 1983, the plaintiff

must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011).

Ms. Watson is the medical coordinator for Lonoke County Jail. Following an October 24, 2006, hearing on Plaintiff's motion for mental evaluation, the Circuit Court of Lonoke County, Arkansas, Division 1, granted Plaintiff's motion and entered an order directing that he undergo a mental health evaluation at the Arkansas State Hospital. (Doc. No. 10 at 21-28.) During the hearing, the Court stated the evaluation was to be arranged quickly. (*Id.* at 16).

Plaintiff asserts that Ms. Watson violated his constitutional rights when she failed to have him transported to his mental health evaluation on December 11, 2006, with Dr. Deyoub. (Doc. No. 10 at 8.) He states Ms. Watson's actions caused him to miss two appointments with Dr. Deyoub and it was not until January 8, 2007, that he underwent the court-ordered evaluation. (*Id.*) Plaintiff's allegations do not involve denial of treatment. He, instead, complains about the time that elapsed between the court order and the date of the mental health evaluation. Plaintiff suffered no harm from the delay. The Court, therefore, finds that Plaintiff fails to establish violation of a constitutional right when his mental health evaluation was delayed.

And with regard to allegations that Ms. Watson withheld information from Dr. Deyoub, the Court finds her omission fails to implicate a constitutional interest.

Furthermore, Plaintiff was not hindered in any way from conveying that information to Dr. Deyoub.

## IV. MOTION TO AMEND/CORRECT

Plaintiff filed a Motion to Amend/Correct which contains only pleadings filed in another case. There is no request to amend or correct information in this case. The Court therefore finds Plaintiff's Motion to Amend/Correct (Doc. No. 21) should be denied.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Compliant (Doc. No. 10) should be DISMISSED with prejudice as time barred and for failure to state a claim upon which relief may be granted.

2. Dismissal of Plaintiff's Amended Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. Plaintiff's Motion to Amend/Correct (Doc. No. 21) should be DENIED.

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting this recommendation and the accompanying judgment would not be taken in good faith.

---

[2] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

DATED this 28th day of February, 2013.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE